IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JOSE LUIS DIAZ-COLON, *et al.*, **Plaintiffs**, v. PEDRO TOLEDO-DAVILA, *et al.*, **Defendants**. | **CIVIL NO. 09-1835 (FAB/MEL**) |
| CARMELO VELAZQUEZ-COLON, *et al.*, **Plaintiffs**, v. JOSE FUENTES-AGOSTINI, *et al.*, **Defendants**. | **CIVIL NO. 10-1097 (FAB/MEL)** |

**MEMORANDUM AND ORDER**

BESOSA, District Judge.

Before the Court are the defendants' motion to stay the proceedings pending an interlocutory appeal and the plaintiffs' responses in opposition. (Docket Nos. 320, 328, & 329.) For the reasons stated below, the Court **DENIES** defendants' motion to stay the proceedings.

I.  **Background**

On July 17, 2013, the defendants moved for summary judgment based in part on the contention that absolute and qualified

Civil No. 09-1835 and Civil No. 10-1097 (FAB/MEL)                    2

immunity shielded them from liability. (Docket Nos. 217 & 220). On October 2, 2013, the Court denied summary judgment on those grounds, finding that absolute immunity did not apply to the one remaining defendant prosecutor, Gabriel Miranda-Redondo, and that the other defendants' arguments regarding qualified immunity were not sufficiently developed to allow the Court to rule on that issue. (Docket No. 304.) Defendants filed a notice of interlocutory appeal requesting appellate review of the denial of qualified and absolute immunity defenses on October 15, 2013. (Docket No. 318.) The parties subsequently commenced settlement negotiations before Magistrate Judge Marcos E. Lopez, but the negotiations were not successful. The case is ready for trial. A pretrial conference will be held on October 25, 2013. Defendants now seek a stay of all proceedings pending the outcome of the interlocutory appeal.

**II.  Discussion**

A district court's denial of the defense of absolute or qualified immunity, "to the extent that it turns on an issue of law," is a final judgment that can be immediately appealed. Behrens v. Pelletier, 516 U.S. 299, 306 (1996). If a denial of summary judgment is based on a factual dispute, the issue is not immediately appealable. Valdizan v. Rivera-Hernandez, 445 F.3d 63, 64 (1st Cir. 2006); Acevedo-Garcia v. Vera-Monroig, 204 F.3d 1, 10-12 (1st Cir. 2000). An appellate court does not have pendent

Civil No. 09-1835 and Civil No. 10-1097 (FAB/MEL)                  3
_____

jurisdiction over additional "nonappealable interlocutory orders." Pedraza v. Shell Oil Co., 942 F.2d 48, 55 n.10 (1st Cir. 1991).

Federal Rule of Appellate Procedure 8 provides that "[a] party must ordinarily move first in the district court for . . . a stay of the judgment or order of a district court pending appeal." Fed.R.App.P. 8(a). In deciding the issuance of a stay pursuant to Rule 8, courts consider,

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

Hilton v. Braunskill, 481 U.S. 770, 776 (1987)(internal citations omitted). After considering the arguments of the parties and the factors listed above, the Court determines that a stay is not appropriate at this juncture.

The Court based its denial of the absolute immunity defense for defendant prosecutor Miranda-Redondo on a factual dispute regarding whether he participated in the prosecutions in an investigative capacity, and it is therefore not properly appealable. See Valdizan, 445, F.3d at 64; Acevedo-Garcia, 204 F.3d at 10-12. Similarly, the Court's denial of the other defendants' qualified immunity defense did not "turn[] on an issue of law," but rather was necessitated because of defendants' failure to apply the

Civil No. 09-1835 and Civil No. 10-1097 (FAB/MEL)                              4
applicable law to the facts of their case in a manner enabling the Court to decide the issue. (Docket No. 304 at pp. 36-7.)

Even if the denial of qualified immunity were an appealable issue of law, defendants have not put forth "a strong showing that [they] are likely to succeed on the merits." Hilton, 481 U.S. at 776. In determining whether qualified immunity shields a state actor from liability, courts look at 1) whether the plaintiff has alleged a violation of a constitutional right, and 2) whether the right at issue was clearly established at the time of the defendant's alleged misconduct. Pearson v. Callahan, 555 U.S. 223, 231-2 (2009). Courts may, at their discretion, assume the first prong and proceed to analyze the second prong. Id. at 236. Qualified immunity does not protect those who knowingly violate the law. Malley v. Briggs, 475 U.S. 335, 341 (1986).

The First Circuit Court of Appeals has ruled on factual and legal issues similar to those presented here, and its case law shows that defendants are not likely to prevail on the issue of qualified immunity. The court of appeals has held that freedom from malicious prosecution is a constitutional right under the Fourth Amendment, Hernandez-Cuevas v. Taylor, 723 F.3d 91 (1st Cir. 2013), and that the prohibition against "deliberately fabricating evidence and framing individuals for crimes they did not commit," as alleged in this case, was clearly established as far back as 1935. Limone

Civil No. 09-1835 and Civil No. 10-1097 (FAB/MEL)                    5

v. Condon, 327 F.3d 39, 45 (1st Cir. 2004)(internal citation omitted). Accordingly, First Circuit jurisprudence weighs against appellants' success on the merits on qualified immunity.

Nor have defendants shown they will suffer irreparable harm if the stay is denied. "[A]voidance of disruptive discovery is one of the very purposes for the official immunity doctrine. . . ." Siegert v. Gilley, 500 U.S. 226, 236 (1991). If a stay is denied, defendants will proceed to trial, and may resume settlement negotiations with plaintiffs. This litigation has been pending in federal court for over four years, and the parties have already spent a great deal of time and expense on discovery; "disruptive discovery" will not be avoided because it has been completed. Accordingly, the Court is not persuaded that defendants will suffer irreparable harm if a stay is denied. To the contrary, further delay in the proceedings will cause harm to the plaintiffs, who are ready for trial and have already participated in settlement negotiations in good faith.

Finally, the consideration of the public interest cuts against a stay. While "there is a strong public interest in protecting public officials from the costs associated with the defense of damages actions," Crawford-El v. Britton, 523 U.S. 574, 590 (1998), the same public interest is served by quick and efficient resolutions of lawsuits against those officials and in which

Civil No. 09-1835 and Civil No. 10-1097 (FAB/MEL)                          6

official immunity does not apply. See id.; Digital Equipment Corp. v. Currie Enterprises, 142 F.R.D. 8, 15 (D. Mass. 1991)(recognizing that the public "has an interest in the prompt resolution of civil cases."). Here, the public policy concerns underlying official immunity doctrines will not be served by further delaying these proceedings.

### III. Conclusion

For the reasons stated above, the balance of considerations weighs against the issuance of a stay of proceedings pending appeal, and the defendants' motion is **DENIED**.

San Juan, Puerto Rico, October 24, 2013.

                                          s/ Francisco A. Besosa
                                          FRANCISCO A. BESOSA
                                          UNITED STATES DISTRICT JUDGE