IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JOSE LUIS DIAZ-COLON, *et al.*,<br><br>**Plaintiffs**,<br><br>v.<br><br>PEDRO TOLEDO-DAVILA, *et al.*,<br><br>**Defendants**. | **Civil No.** 09-1835 (FAB/MEL) |
| CARMELO VELAZQUEZ-COLON, *et al.*,<br><br>**Plaintiffs**,<br><br>v.<br><br>JOSE FUENTES-AGOSTINI, *et al.*,<br><br>**Defendants**. | **Civil No.** 10-1097 (FAB/MEL) |

**MEMORANDUM AND ORDER**

BESOSA, District Judge.

Before the Court are the plaintiffs' motion *in limine* to admit defendant Zoe Diaz-Colon's former testimony; defendants' opposition; outstanding objections to the joint proposed pretrial order; plaintiffs' motion for reconsideration of the dismissal of the legal heirs of Sanabria and Ortiz; defendants' oppositions; and defendants' request for leave to use a witness dismissed by plaintiffs. (Docket Nos. 254, 279, 330, 332, 336, 339, 340, & 343.) For the reasons stated below, the Court **GRANTS** plaintiffs' motion *in limine*, **DENIES** defendants' objections to the proposed pretrial order, **ORDERS** plaintiffs to produce additional

Civil No. 09-1835 and Civil No. 10-1097 (FAB/MEL)                              2

documentation pertaining to the estates of Ortiz and Sanabria, and **GRANTS** defendants' request for leave to use plaintiffs' witness.

## I.  Background to Plaintiffs' Motion *in Limine*

Plaintiffs seek to call defendant Zoe Diaz-Colon ("Diaz-Colon") as a witness in their case in chief. Diaz-Colon was the key fact witness in the 1999 murder trials against plaintiffs Sanabria, Ramos, Velazquez, Diaz, Ortiz, and Merced. In 2001, Diaz-Colon testified in a hearing held to determine if a new trial would be ordered that her testimony in the original criminal trials was untrue and the result of coercion and intimidation. Based in part on this testimony, the Supreme Court of Puerto Rico ordered the court of first instance to vacate the convictions of the plaintiffs and order a new trial. The ultimate dismissal of all charges against plaintiffs is the basis for the current litigation.

In June of 2013, the parties arranged for Diaz-Colon to travel to Puerto Rico from her residence in the Continental United States for a video deposition. On the eve of her deposition, however, plaintiffs' counsel were advised that Diaz-Colon received several threatening and intimidating phone calls that caused her to leave Puerto Rico to an undisclosed location in the Continental United States. Plaintiffs have subsequently made several unsuccessful attempts to locate Diaz-Colon and arrange for her deposition via closed circuit television.

Civil No. 09-1835 and Civil No. 10-1097 (FAB/MEL)            3

**II. Discussion Regarding Plaintiffs' Motion *in Limine***

Plaintiffs now contend that Diaz-Colon is unavailable, and seek admission of her prior testimony pursuant to Federal Rules of Evidence 804(b)(1), 804(b)(3), or 807. The Court addresses each argument in turn.

**1.  Rule 804(b)(1) - the Former Testimony Exception**

Rule 804(b)(1) provides an exception to the rule against hearsay for the former testimony of a declarant who "is absent from the trial or hearing and the statement's proponent has not been able, by process or other reasonable means, to procure . . . the declarant's attendance." Fed.R.Evid. 804(a)(5). Former testimony is admissible if it,

> (A) was given as a witness at a trial, hearing, or lawful deposition, whether given during the current proceeding or a different one; and
>
> (B) is now offered against a party who had – or, in a civil case, whose predecessor in interest had – an opportunity and similar motive to develop it by direct, cross-, or redirect examination.

Id. 804(b)(1). A witness may be deemed "unavailable" where his or her proponent has made good faith — but unsuccessful — efforts to locate and present the witness. United States v. Quinn, 901 F.2d 522, 527-28 (6th Cir. 1990).

The First Circuit Court of Appeals applies a two-part test to determine whether a "similar" motive to develop testimony

Civil No. 09-1835 and Civil No. 10-1097 (FAB/MEL)                          4

exists.  United States v. Bartelho, 129 F.3d 663, 671 (1st Cir. 1997).  Courts must look first at "whether the questioner is on the same side of the same issue at both proceedings," and second at "whether the questioner had a substantially similar interest in asserting that side of the issue."  Id. (citing United States v. DiNapoli, 8 F.3d 909, 912 (2d Cir. 1993) (*en banc*)).  Rule 804 does not require an "identical motive," but rather a "*factual* inquiry" based on the "similarity of the underlying issues and on the context of the . . . questioning."  United States v. Salerno, 505 U.S. 317, 326 (1992) (Blackmun, J. concurring) (emphasis in original).

Defendants contend that Diaz-Colon is not "unavailable" for the purposes of Rule 804 because her absence is voluntary, and that no "similar motive" to develop the testimony existed at the first proceeding, the hearing for a new trial, where only one of the current defendants was present.  The Court finds both arguments unavailing.

Plaintiffs provided a sworn statement by Alberto Cruz, a journalist who assisted in coordinating Diaz-Colon's travel plans prior to the scheduled deposition, indicating the circumstances under which Diaz-Colon left the jurisdiction and currently refuses to testify in this case.  (Docket No. 254-1.)  Plaintiffs also informed the Court of their subsequent unsuccessful efforts to

Civil No. 09-1835 and Civil No. 10-1097 (FAB/MEL)                                5

contact Diaz-Colon to arrange a deposition via closed circuit television.  The Court encourages plaintiffs to continue their efforts to acquire Diaz-Colon's testimony in this case.  As long as they are unable to do so, however, the Court finds that Diaz-Colon is unavailable for Rule 804 purposes.

The Court also finds that the motive that defendants and their predecessors in interest had to develop the testimony of Diaz-Colon at the 2001 hearing on a motion for a new trial is similar to their motive in this litigation.  In the 2001 proceeding, one of the current defendants — Gabriel Miranda-Redondo ("Miranda") — participated as a prosecutor for the Commonwealth of Puerto Rico.  As a representative of Puerto Rico, Miranda shared a "community of interest" with the remaining defendants in this litigation, who are parties to this suit due to their capacities as Puerto Rico officials. See Pacelli v. Nassau County Police Dep't., 639 F. Supp. 1382, 1386 (E.D.N.Y. 1986) (finding that "Rule 804(b)(1) expanded upon the common law requirement of identity of parties and allows the former testimony to be introduced in the second trial if the party in the first proceeding against whom the statement was made shares a 'community of interest' with or was a predecessor in interest to the party in the second trial.") (internal citation omitted).  Thus, Miranda's motives at the 2001

Civil No. 09-1835 and Civil No. 10-1097 (FAB/MEL)                                6

hearing are considered for the purposes of comparing the defendants' motives in this litigation.

Pursuant to the First Circuit Court of Appeals's two-part test, Miranda had a "similar motive" to develop Diaz-Colon's testimony in the 2001 proceeding. The issue at the 2001 hearing was whether a new trial was warranted because Diaz-Colon's statements and testimony — on which plaintiffs' convictions were based — had been fabricated by police officers and prosecutors. Miranda cross-examined Diaz-Colon, challenged her credibility, and sought to defend the integrity of the convictions. The underlying factual issues involved whether particular officers and prosecutors coerced, intimidated, and improperly incentivized Diaz-Colon to testify against innocent individuals. The burden in the 2001 proceeding was to show that without the tainted evidence (the testimony of Diaz-Colon), a reasonable probability existed that a different verdict would have been reached in their criminal trials. People of P.R. v. Velazquez, 174 D.P.R. 304, 332 (2008). Here, plaintiffs must make a similar showing to support their Fourth Amendment malicious prosecution and Puerto Rico tort claims. Defendants in this litigation are contesting the very same factual allegations that were raised against Puerto Rico (and its officials) in the 2001 proceeding. Thus, defendants are "on the same side of the same issue at both proceedings" and have a

Civil No. 09-1835 and Civil No. 10-1097 (FAB/MEL)                7

"substantially similar interest in asserting that side of the issue" as Miranda did in 2001.  See Bartelho, 129 F.3d at 671.

The admission of prior testimony is less problematic when it is offered against the same party against whom it was previously offered.  See Fed.R.Evid. 804(b)(1) advisory committee's notes ("no unfairness is apparent in requiring him to accept his own prior conduct of cross-examination or decision not to cross-examine.")  The Court accordingly finds that plaintiffs have satisfied the requirements of Rule 804(b)(1), and their motion *in limine* to admit Diaz-Colon's testimony is **GRANTED**.  Plaintiffs are ordered to provide the Court and defense counsel with certified copies of the **complete transcripts** of the proceedings they seek to introduce.[1]

### 2. Rule 804(b)(3) - Statements Against Interest

Plaintiffs further argue that Diaz-Colon's past statements are admissible pursuant to Rule 804(b)(3), which provides an exception to the rule against hearsay for statements against interest by unavailable declarants.  Fed.R.Evid. 804(b)(3).[2]  This rule permits a statement that,

> (A) a reasonable person in the declarant's position would have made only if the person believed it to be true because, when made, it . . . had so great a tendency to

---

[1] Thus far, the record only contains select portions of these transcripts with non-consecutive pages.

[2] Defendants did not offer any argument on this exception.

Civil No. 09-1835 and Civil No. 10-1097 (FAB/MEL)                              8

> . . . expose the declarant to civil or criminal liability; and
>
> (B) is supported by corroborating circumstances that clearly indicate its trustworthiness . . . .

Id.; United States v. Jimenez, 419 F.3d 34, 43 (1st Cir. 2005).

The Court finds that this exception applies to Diaz-Colon's 2001 testimony. Her 2001 testimony directly contradicted her testimony at the original trials in 1999, and thus exposed her to criminal liability for perjury and civil liability for malicious prosecution, as evidenced by the complaint in this litigation. Plaintiffs' witness list includes individuals who can offer corroboration of Diaz-Colon's 2001 testimony, which, in short, recanted her 1999 testimony.[3] Plaintiffs are also expected to offer evidence that Diaz-Colon received threats of violence related to her 2001 testimony, which further corroborates the trustworthiness of her testimony. Accordingly, Diaz-Colon's statements are also admissible under Rule 804(b)(3).

### 3. Rule 807 - Residual Exception

Plaintiffs further argue in the alternative that Diaz-Colon's former testimony falls within the residual hearsay

---

[3] These witnesses include Carlos Pomales, Myrna Mendoza Bristol, and Leonardo Arias; they provide corroboration of Diaz-Colon's recantation as it pertains to the **Colomba** murder. If no other corroborating evidence is put forth by plaintiffs, only statements regarding the Colomba murder may be offered under Rule 804(b)(3).

Civil No. 09-1835 and Civil No. 10-1097 (FAB/MEL)                            9

exception in Rule 807, which covers a statement that "is not specifically covered by a hearsay exception in Rule 803 or 804" and (1) contains "equivalent circumstantial guarantees of trustworthiness;" (2) "is offered as evidence of a material fact;" (3) "is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts;" and (4) "admitting it will best serve the purposes of [the federal rules of evidence] and the interests of justice." Fed.R.Evid. 807(a).  Admission of a statement pursuant to this rule requires reasonable notice to the adverse party of the proponent's intent to offer it.  Id. 807(b).

Because the Court finds that the proffered testimony is covered by the exceptions in Rule 804(b), the Court declines to apply the residual exception here.

### III. Additional Pretrial Matters

#### 1. Objections to the Proposed Pretrial Order

The Court now turns to a number of issues remaining from the pretrial conference held on October 25, 2013.  Plaintiff's documents 2-4 and defendants' documents 1 and 3, sworn statements by Zoe Diaz-Colon, are admitted for nonhearsay purposes.  (See Docket No. 330 at p. 119-120.)  Defendants' objections to plaintiffs' inclusion of Alberto Cruz, Leonardo Arias-Reyes, Carlos Pomales, Maritza Valentin-Cora, and Myrna Mendoza-Bristol as

Civil No. 09-1835 and Civil No. 10-1097 (FAB/MEL)                           10

witnesses are overruled.  (Docket No. 332.)  Alberto Cruz's role as a witness was discussed at the pretrial conference held on June 26, 2013.  (Docket No. 270 at p. 5.)  All of these witnesses were announced in a previous joint pretrial order filed on August 26, 2013 and subsequently stricken from the record.  (Docket No. 285.)[4] Though this joint proposed order was eventually stricken from the record, the defendants had notice of these witnesses at least as early as August.  The Court accordingly overrules defendants' objections and allows them to be called as witnesses at trial.

   2.   **Plaintiff's Motions for Reconsideration of the Dismissal of the Members of the Sanabria and Ortiz Estates**

On October 2, 2013, in its ruling on defendants' motion for summary judgment, the Court dismissed without prejudice the claims of the members of the estates of Sanabria and Ortiz because plaintiffs had not provided any evidence on the issue.  (Docket No. 304 at p. 41-2.)  On October 26 and 28, 2013, plaintiffs requested relief from the judgment pursuant to Federal Rule of Civil Procedure 60(b)(6), a catchall provision.  (Docket Nos. 336

---

[4] Nestled within defendants' "Opposition to Plaintiffs' Motion for Reconsideration; and Request for Leave to Use Witness Voluntarily Suppressed by Plaintiffs" is an out of place argument pursuant to Federal Rule of Civil Procedure 37(c)(1) regarding defendants' objections to the joint proposed pretrial order. (Docket No. 339.)  Because the witnesses and documents to which defendants objected have been discussed extensively by the parties over recent months, the Court finds that their disclosure is harmless in satisfaction of Rule 37(c)(1).

Civil No. 09-1835 and Civil No. 10-1097 (FAB/MEL)             11

& 340.)  Plaintiffs' motions were based on declaratory judgments signed on October 22, 2013 by Superior Court Judge Eliza Fumero-Perez evidencing Sanabria and Ortiz's legal heirs pursuant to intestate succession.  (Docket Nos. 336-1 & 340-1.)  The Court declines to rule on plaintiffs' motion at this time, and **ORDERS** plaintiffs to provide the Court with copies of the petitions they filed in the Guayama Superior Court requesting the declaratory judgments.

### 3. Defendants' Request for Leave to Use Witness Morales Girona

Finally, defendants move the Court for leave to use witness Morales Girona at trial.  Morales Girona was previously announced and deposed as a plaintiff's witness, but is not currently on plaintiffs' witness list.  Because, as stated above, the parties have been aware of Morales Girona's role as a potential witness in this litigation since prior to his deposition on June 14, 2013, defendants' request is **GRANTED**.

## IV. Conclusion

For the reasons stated above, the Court enters the following rulings:

1. Plaintiffs' motion *in limine* to admit the prior testimony of Diaz-Colon is **GRANTED**.  Plaintiffs, however, must produce a

Civil No. 09-1835 and Civil No. 10-1097 (FAB/MEL)                12
_____

certified copy of the complete transcripts of the proceedings in which Diaz-Colon testified.

    2.    Defendants' remaining objections to the pretrial order are **OVERRULED**.  Plaintiffs' witnesses Alberto Cruz, Leonardo Arias-Reyes, Carlos Pomales, Maritza Valentin-Cora, and Myrna Mendoza-Brystol are permitted.  Plaintiffs' documents 2-4 and defendants' documents 1 and 3 are permitted for non-hearsay purposes.

    3.    Plaintiffs are **ORDERED** to produce petitions requesting declaratory judgments from the Superior Court of Guayama pertaining to the heirs of Ortiz and Sanabria.

    4.    Defendants' request for leave to use plaintiffs' witness Morales-Girona is **GRANTED**.

    San Juan, Puerto Rico, October 31, 2013.

                                             s/ Francisco A. Besosa
                                             FRANCISCO A. BESOSA
                                             UNITED STATES DISTRICT JUDGE